IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALFRED R. MARZAN, an individual, ADELAIDA L. MARZAN, an individual,<br><br>               Plaintiffs,<br><br>   vs.<br><br>BANK OF NEW YORK MELLON, a New York Corp.; BANK OF AMERICA, a Business Entity; COUNTRYWIDE, a Business Entity; OLD REPUBLIC TITLE & ESCROW OF HAWAII; FIRST MAGNUS FINANCIAL; MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS); and DOES 1-100 inclusive,<br><br>               Defendants.<br>_____ | CIVIL NO. 10-00581 JMS-BMK<br><br>ORDER GRANTING<br>(1) DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, AND<br>(2) DEFENDANT OLD REPUBLIC TITLE & ESCROW OF HAWAII, LTD.'S MOTION TO DISMISS WITH PREJUDICE |

**<u>ORDER GRANTING (1) DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, AND (2) DEFENDANT OLD REPUBLIC TITLE & ESCROW OF HAWAII, LTD.'S MOTION TO DISMISS WITH PREJUDICE</u>**

### I. <u>INTRODUCTION</u>

      This action arising out of a mortgage foreclosure is again before the court after the original Complaint was dismissed without prejudice as to several counts. *Pro se* Plaintiffs Alfred R. Marzan and Adelaida L. Marzan ("Plaintiffs")

have now filed a Second Amended Complaint asserting different theories of recovery and adding a new Defendant from their original Complaint.

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Old Republic Title & Escrow of Hawaii ("Old Republic") (collectively "the Moving Defendants") have filed separate Motions to Dismiss the Second Amended Complaint for failure to state a claim. For the reasons set forth, the Motions to Dismiss are GRANTED.

## II. **BACKGROUND**

Plaintiffs filed their original Complaint on October 6, 2010, naming as Defendants Bank of America ("BofA"), Countrywide Home Loans, Inc. ("Countrywide"), First Magnus Financial ("First Magnus"), Old Republic, and MERS. Plaintiffs alleged federal and state law claims arising from a March 16, 2006 mortgage transaction concerning real property located at 94-102 Heahea Street, Waipahu, Hawaii 96797 (the "subject property"), and a May 14, 2010 notice of non-judicial foreclosure on the subject property.[1]

---

[1] The court record indicates the subject mortgage was recorded on March 16, 2006 and had an effective date of March 10, 2006. *See* Def.'s (MERS) Reply Ex. D, at 1 (mortgage), ECF No. 52-2. The recorded Notice of Intent to Foreclose Under Power of Sale (indicating Bank of New York Mellon as mortgagee) is attached to, and made part of, Plaintiffs' Second Amended Complaint. *See* ECF No. 36-3. The court takes judicial notice of these recorded documents because the Second Amended Complaint refers to them and they are public documents with no dispute as to authenticity. *See*, *e.g.*, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (setting

(continued...)

According to the original Complaint and documents of which the court takes judicial notice, Plaintiffs entered into a loan repayment and security agreement with First Magnus on March 10, 2006. The mortgage and/or promissory note was subsequently transferred to Countrywide and/or BofA. *See* Compl. ¶ 2, ECF No. 1. Plaintiffs sought declaratory and injunctive relief, as well as damages and rescission of the mortgage transaction. The original Complaint generally sought relief based upon "predatory lending" whereby one or more of the then-named Defendants qualified Plaintiffs for a loan they knew Plaintiffs were unqualified for and could not repay. It claimed that terms of the transaction were not clear, Defendants never explained the transaction to them, and Defendants charged excessive or illegal fees. *See id.* at 5-10. It alleged twelve separate counts, entitled: "(1) Declaratory Relief; (2) Injunctive Relief; (3) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Violations of TILA; (5) Violations of RESPA; (6) Rescission; (7) Unfair and Deceptive Acts and Practices (UDAP); (8) Breach of Fiduciary Duty; (9) Unconscionability; (10) Predatory Lending; (11) Quiet Title; and (12) Lack of Standing (MERS)."

---

[1](...continued)
forth factors for judicial notice).

On March 10, 2011, the court dismissed the original Complaint. *See Marzan v. Bank of Am.*, --- F. Supp. 2d ----, 2011 WL 915574 (D. Haw. Mar. 10, 2011), ECF No. 33. The Order dismissed Counts I, II, III, and VI without leave to amend. Likewise, certain aspects of Counts IV and V were dismissed without leave to amend. As to the other counts, however, the court granted leave to amend to allow Plaintiffs another opportunity to state claims. The court instructed Plaintiffs "to explain, in clear and concise allegations, what each Defendant did and how specific facts create a plausible claim for relief." *Id.* at *14. The court also specifically notified Plaintiffs that "an Amended Complaint supercedes the prior Complaint and must be complete in itself without reference to prior or superceded pleadings." *Id.*

Accordingly, on March 16, 2011, Plaintiffs filed a First Amended Complaint ("FAC"), filed in the form of an affidavit, which referenced three exhibits. *See* ECF No. 35. The exhibits, however, were not attached to the FAC.[2] The next day, presumably to correct the omission, Plaintiffs filed a nearly identical Second Amended Complaint ("SAC"), which attached the exhibits. *See* ECF No. 36.

---

[2] A clerk's notation in the docket reads: "(This document is also captioned 'Affidavit of Alfred R. Marzan and Adelaida L. Marzan; et al.' The caption also references a Certificate of Service, Demand for Jury Trial, and Exhibits 1 through 3, all of which are not included in the document.)." ECF No. 35.

The SAC added "Bank of New York Mellon" ("BONY Mellon") as a Defendant. Although the SAC retains Countrywide, Old Republic, and First Magnus in its caption, it makes no factual allegations against these entities in the body of the SAC. Moreover, Plaintiffs did not attempt to amend any of the counts identified as deficient by the court in its March 10, 2011 Order. Instead, Plaintiffs asserted a new theory of fraud. The SAC cites to a document indicating that their "mortgage loan" was not transferred to BONY Mellon until December 17, 2010, even though the subject non-judicial foreclosure was instituted much earlier, on May 14, 2010. *See* ECF Nos. 36-2 &-3. Plaintiffs thus allege that "fraud has been committed," SAC at 4, apparently because they believe BONY Mellon did not own the mortgage when it foreclosed. They allege that "MERS also is involved" and that "the assignment was created after the foreclosure notice." *Id.* at 5.

Plaintiffs also appear to allege a claim under the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2605. The SAC alleges:

> C) On August 22, 2010 we sent the QWR, Qualified Written Request through a certified mail to BNY (Bank of New York) "Exhibit 1", allowing them to provide including assignments of our mortgage to show proof that they are the holder of our Mortgage or Note.
>
> D) New mortgagee failed to provide information, the term "substantial default" in a timely manner. Under SERVICING DISCLOSURE STATEMENT, Section 6 of RESPA Act, [12 U.S.C. §2605], gives us certain rights

5

as a consumer whether or not our loan servicing was
transferred. They must provide a written
acknowledgement within 20 days.

*Id.* at 3-4.

On April 1, 2011, MERS filed its Motion to Dismiss Second Amended Complaint. ECF No. 42. On April 8, 2011, Old Republic filed its Motion to Dismiss with Prejudice Plaintiffs' First and Second Amended Complaints. ECF No. 47. Plaintiffs filed their Opposition (entitled "Responsive to Defendant MERS-Mortgage Electronic Registration Systems, Inc. Dated 04/04/11"), on May 5, 2011. ECF No. 50. The Moving Defendants filed Replies on May 17, 2011. Under Local Rule 7.2(d), the Motions are suitable for decision without an oral hearing.

### III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must

accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

## IV. **DISCUSSION**

### A. The Court Declines to Strike the Second Amended Complaint

MERS and Old Republic point out that, ordinarily, a plaintiff needs to seek leave of court under Federal Rule of Civil Procedure 15 before filing a second amended complaint. MERS thus asks the court to strike the SAC, which was filed without leave of court, after Plaintiffs had already filed the FAC in response to the Order dismissing the original Complaint.

The court declines to strike the SAC. The SAC is identical to the FAC in content -- only the title has changed. The SAC simply corrects an error (pointed out by the docket clerk) that the FAC had not included copies of exhibits

7

that were referred to in the FAC. Essentially, the SAC is an "errata." Under the circumstances of the filing of the SAC, Defendants are not unduly prejudiced. *Cf. Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (indicating that "[p]rejudice to the opposing party is the most important factor" in assessing the propriety of an amendment adding new claims or theories). Given the *pro se* status of Plaintiffs, the court accepts the SAC as the operative Complaint in this action. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court proceeds to address the allegations of the SAC on their merits.

**B.     The SAC Fails to State a Claim under RESPA § 2605 or for Fraud**

The Moving Defendants both emphasize that the SAC has abandoned any of the specific claims made in the original complaint. Plaintiffs made no attempt to state a claim under the Truth in Lending Act ("TILA") by pleading equitable tolling. They have not re-asserted a breach of fiduciary duty theory. They did not attempt to state a claim for Unfair and Deceptive Trade Practices. Rather, they have attempted to (1) assert a claim for fraud and (2) state a claim under RESPA § 2605 -- and the court limits its analysis to those claims. Any other prior claims are no longer at issue in this action. *See, e.g.*, *Ferdik v. Bonzelet*, 963

F.2d 1258, 1262 (9th Cir. 1992) ("[A]fter amendment the original pleading no longer performs any function and is "treated thereafter as non-existent[.]" (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967))). As the court instructed Plaintiffs in the prior dismissal Order, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

### 1.  *No Claims Are Asserted Against Old Republic*

Plaintiffs have again named Old Republic in the caption of their SAC, but have made no factual allegations against Old Republic in the SAC itself. The SAC therefore fails to state a claim against Old Republic. *See, e.g.*, *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959) ("[T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not [a] defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption."), *overruled in part on other grounds*, *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). The prior allegations against Old Republic cannot form the factual basis of a cause of action in the SAC. *See King*, 814 F.2d at 567.

Moreover, Old Republic cannot be liable for the claims that were asserted in the SAC. The SAC alleges that fraud was committed by BONY Mellon

9

(and that MERS "was involved") in the non-judicial foreclosure process. There are no factual allegations of fraud in the loan consummation process, where Old Republic might have had involvement with Plaintiffs. Moreover, Old Republic, as the escrow company, was not involved in the alleged RESPA violation regarding BONY Mellon in December 2010.

Plaintiffs have had two opportunities to state a claim against Old Republic. The court identified deficiencies in their original allegations, and Plaintiffs have chosen to pursue other theories against other entities. Accordingly, Old Republic's Motion to Dismiss with Prejudice Plaintiffs' First and Second Amended Complaints [ECF No. 47] is GRANTED. The SAC is dismissed with prejudice as to Old Republic.[3]

### 2. *Plaintiffs' RESPA Request Was Not From a "Loan Servicer"*

Plaintiffs allege they made a "qualified written request" for information from BONY Mellon, and that no timely information was provided by the "new mortgagee." SAC at 3. Later, they allege (in a fraud context) that MERS

---

[3] For the same reason, no claims are stated against Countrywide and First Magnus. The SAC makes no factual allegations against either entity. Although those Defendants have not appeared in the action, the court dismisses them for the same reasons as it dismisses Old Republic. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) (upholding dismissal in favor of a party which had not appeared, on the basis of facts presented by other defendants which had moved to dismiss) (citations omitted); *Omar v. Sea-Land Serv.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

"also is involved" and that "MERS is the mortgagee of record." MERS argues that these allegations fail to state a claim for violation of 12 U.S.C. § 2605, against either MERS or BONY Mellon. Thus, MERS argues the SAC should be dismissed with prejudice.

RESPA requires "loan servicers" to provide a timely written response to a "qualified written request" ("QWR") from a borrower. 12 U.S.C. § 2605(e)(1) & (2). Section 2605(e)(2) provides that "[n]o later than "60 days (excluding legal public holidays, Saturdays and Sundays) after the receipt from any borrower of any qualified written request" a loan servicer is required to "provide the borrower with a written explanation or clarification" that includes certain statutorily specified information. These requirements, however, specifically apply only to "loan servicers." "[U]nder RESPA § 2605, only a loan servicer has a duty to respond to a borrower's inquiries." *Gonzalez v. First Franklin Loan Servs.*, 2010 WL 144862, at *12 (E.D. Cal. Jan. 11, 2010). A loan servicer "refers to the person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan[.]" *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1200 (E.D. Cal. 2010) (citing 12 U.S.C. § 2605(i)(2) & (3)).

Plaintiffs' QWR -- assuming it was such a request[4] -- was not sent to a

---

[4] Plaintiffs' August 22, 2010 letter (attached to the SAC) was sent to Derek Wong, the
(continued...)

11

loan servicer. It was sent to BONY Mellon, which was the foreclosing holder of the mortgage (according to the terms of an assignment recorded on May 14, 2010. Def.'s (MERS) Mot. Ex. A, ECF No. 42-3). The loan servicer appears to have been BAC Home Loans Servicing, LP. *See* SAC Ex. 2, ECF No. 36-2. There are no allegations in the SAC that Plaintiffs made any QWR to any loan servicer, including BONY Mellon or MERS. And the documents of which the court takes judicial notice indicate BONY Mellon and MERS were not in fact loan servicers.

Accordingly, the SAC fails to state a claim under RESPA § 2605 against either MERS or BONY Mellon. Plaintiffs' RESPA claim is DISMISSED as to both Defendants. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) (upholding dismissal in favor of a party which had not appeared, on the basis of facts presented by other defendants which had moved to dismiss) (citations omitted); *Omar v. Sea-Land Serv.*, 813 F.2d 986, 991 (9th Cir.

---

[4](...continued)
attorney who signed the non-judicial foreclosure notice on behalf of BONY Mellon. Their letter stated:

> I demand and request the following information . . . . All escrow analysis conducted on the above referenced account from inception of the loan until the date of this letter: Copies of all sales contract(s), servicing agreements, assignments, transfers, indemnification/recourse agreements and any agreement related to the loan from its inception to the current date. [] All loan servicing agreements between the services (s) and loan holder, lender and/or trustees.

ECF No. 36-1.

1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). Because a RESPA § 2605 claim against either Defendant would be futile, this dismissal is with prejudice.

### 3. *Plaintiffs Cannot State a Claim for Fraud*

MERS argues that the SAC fails to state a claim for fraud because Plaintiffs' theory is defective on its face. Plaintiffs contend MERS was involved in fraud because BONY Mellon instituted a non-judicial foreclosure on May 14, 2010 when it did not own the mortgage. SAC at 4-5. MERS, however, cites to a public document recorded in the Hawaii Bureau of Conveyances that establishes that the subject mortgage was indeed assigned to BONY Mellon on May 14, 2010. *See* Def.'s (MERS) Mot. Ex. A, ECF No. 42-3 (assignment of interest in mortgage from MERS "as nominee for First Magnus Financial Corporation" to BONY Mellon).

The document that Plaintiffs rely upon for the notion that BONY Mellon did not own the mortgage when it foreclosed is a "Mortgage Loan Transfer Disclosure Notice" from BONY Mellon dated December 20, 2010. *See* ECF No. 42-5. Confusingly, the notice does indeed refer to "the date of the transfer of your mortgage loan" as December 17, 2010. *Id.* Plaintiffs do not explain the

13

circumstances underlying the December 20, 2010 disclosure notice (which was provided well after this lawsuit was initiated), but the date of transfer on the notice appears to be wrong[5] and the public records from the State of Hawaii Bureau of Conveyances confirm that the subject mortgage itself was assigned to BONY Mellon on May 14, 2010 -- the same day that it instituted non-judicial foreclosure proceedings. Even if the December 20, 2010 disclosure notice was defective, the Plaintiffs' theory of fraud -- that BONY Mellon, with the assistance of MERS, instituted foreclosure proceedings without ownership of the mortgage -- plainly fails.[6] The court thus DISMISSES Plaintiffs' claim for fraud.[7] This dismissal is as to both MERS and BONY Mellon. *See Abagninin*, 545 F.3d at 742-43, *Omar*, 813 F.2d at 991.

---

[5] The notice appears to be a TILA disclosure under 15 U.S.C. § 1641(g) and 12 C.F.R. § 226.39. The SAC, however, does not invoke TILA as a basis for relief.

[6] Moreover, the SAC would not by itself state a claim for fraud even assuming the mortgage had not yet been assigned to BONY Mellon when it initiated the non-judicial foreclosure proceedings. *See Krakauer v. IndyMac Mortg. Serv.*, 2010 WL 5174380, at *10 (D. Haw. Dec. 14, 2010) (indicating a mortgage holder had standing to foreclose even though it failed to record the mortgage's assignment before initiating non-judicial foreclosure proceedings, if it later perfected its interest) (citing *IndyMac Bank v. Miguel*, 117 Haw. 506, 517, 184 P.3d 821, 832 (Haw. App. 2008)).

[7] Plaintiffs make a different argument in their Opposition, and argue that MERS did not have authority to assign or transfer the promissory note or an interest in the mortgage. This argument is not pled in the SAC and cannot be a basis of recovery. *See, e.g., Sakala v. BAC Home Loans Servicing, LP*, 2011 WL 719482, at *5 (D. Haw. Feb. 22, 2011) ("[A]n opposition to a motion to dismiss is not a proper vehicle for adding claims to [a] complaint.") (citation omitted).

It is unclear whether a defective disclosure notice -- assuming for present purposes only that it was defective -- could form the basis of a federal claim (other than under RESPA § 2605) against BONY Mellon. But any such claim based solely on the December 20, 2010 notice from BONY Mellon would not arise from the March 16, 2006 loan transaction, or the corresponding May 14, 2010 non-judicial foreclosure, which are at issue in this suit. Any such claim would have to be brought in a different suit. For that reason only, the court will dismiss BONY Mellon without prejudice to Plaintiffs bringing a separate action based solely on the circumstances of the December 20, 2010 Mortgage Loan Transfer Disclosure Notice attached as Exhibit Two to the SAC (ECF No. 42-5), if such a suit can be brought. In all other respects, however, the dismissal is with prejudice.

## V. CONCLUSION

For the reasons set forth, (1) Old Republic's Motion to Dismiss with Prejudice Plaintiffs' First and Second Amended Complaints [ECF No. 47] is GRANTED, and (2) MERS' Motion to Dismiss Second Amended Complaint [ECF No. 42] is also GRANTED. For the same reasons, the other Defendants are also

///

///

dismissed.  The Clerk of Court is directed to close the case file.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, June 8, 2011.



                              /s/ J. Michael Seabright
                              J. Michael Seabright
                              United States District Judge

*Marzan et al. v. Bank of Am. et al.*, Civ. No. 10-00581 JMS/KSC, Order Granting (1) Defendant Mortgage Electronic Registration System's Motion to Dismiss Second Amended Complaint, and (2) Defendant Old Republic Title & Escrow of Hawaii, Ltd.'s Motion to Dismiss with Prejudice